IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVIN WALKER,

     Plaintiff,

vs.

SOLANO COUNTY SHERIFF MEDICAL STAFF,

     Defendant.

No. 2:12-cv-2574 EFB P

ORDER GRANTING IFP AND SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.     Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.  Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

////

////

1  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
2  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
3  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

4  **III.    The Complaint (Dckt. No. 1)**

5        Here, plaintiff names the "Solano County Sheriff - Gary R. Stanton - Medical Staff" as
6  the defendant. He alleges that when he was booked into the jail, he informed a deputy that he
7  was addicted to heroin. The nurse allegedly provided plaintiff with a "kick pack," but only for
8  one week. He claims it took his body over thirty days to withdraw. He further alleges that he
9  could not eat and vomited for a week. The nurse allegedly came by plaintiff's cell twice a day.
10 Plaintiff states he complained of stomach pains but staff did nothing. Plaintiff claims that going
11 "cold turkey" caused his heart to stop. As a result, a nurse allegedly hooked plaintiff to a
12 machine that gave instructions to begin CPR, but staff did not provide plaintiff with CPR. They
13 allegedly called an outside ambulance, and the ambulance drivers apparently took plaintiff's
14 vitals and shocked plaintiff with a defibrillator. The defibrillator allegedly triggered all sorts of
15 health problems for plaintiff, including brain damage. At the hospital, nurses allegedly began an
16 IV drip in the wrong vein, causing plaintiff's arm to swell up. Plaintiff apparently returned to
17 the jail the next day, where medial staff did not provide plaintiff with medicine that had been
18 ordered by a doctor.

19 **IV.    Screening Order**

20       The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not
21 state a cognizable claim. Plaintiff may not proceed in this action against unidentified "medical
22 staff," as unknown persons cannot be served with process until they are identified by their real
23 names. The court will not investigate the names and identities of unnamed defendants. If
24 plaintiff intends to assert claims against particular individuals who allegedly provided inadequate
25 medical care, he must specifically identify them as such in the caption of the complaint. *See*
26 Fed. R. Civ. P. 10(a). As drafted, the allegations in the complaint are too vague and conclusory

1 to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading
2 policy, a complaint must give fair notice and state the elements of the claim plainly and
3 succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
4 must allege with at least some degree of particularity overt acts which defendants engaged in that
5 support plaintiff's claim. *Id*. Because plaintiff fails to plausibly state a claim for relief, the
6 complaint must be dismissed. The court will, however, grant leave to file an amended
7 complaint.

8 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10 the alleged violation was committed by a person acting under the color of state law. *West v.*
11 *Atkins*, 487 U.S. 42, 48 (1988).

12 An individual defendant is not liable on a civil rights claim unless the facts establish the
13 defendant's personal involvement in the constitutional deprivation or a causal connection
14 between the defendant's wrongful conduct and the alleged constitutional deprivation. *See*
15 *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th
16 Cir. 1978).

17 To state a section 1983 claim for a constitutional violation based on inadequate medical
18 care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate
19 indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pretrial
20 detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth
21 Amendment Due Process Clause rather than from the Eighth Amendment prohibition against
22 cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Nevertheless, the same
23 standards are applied, requiring proof that the defendant acted with deliberate indifference. *See*
24 *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

25 ////
26 ////

To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate

5

treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Solano County filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended

////

////

1  Complaint." Failure to comply with this order may result in dismissal of this action for failure to
2  state a claim upon which relief may be granted.
3  Dated: May 8, 2013.

           EDMUND F. BRENNAN
           UNITED STATES MAGISTRATE JUDGE