IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVIN WALKER,

        Plaintiff,                      No. 2:12-cv-2574-EFB P

       vs.

SOLANO COUNTY SHERIFF        SCREENING ORDER DISMISSING
MEDICAL STAFF,                     COMPLAINT WITH LEAVE TO AMEND

        Defendant.
                               /

Plaintiff is a county inmate proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1      A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

     To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

     Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Background**

     In the original complaint, plaintiff named the "Solano County Sheriff - Gary R. Stanton - Medical Staff" as the defendant. He alleged that when he was booked into the jail, he informed a deputy that he was addicted to heroin. The nurse allegedly provided plaintiff with a "kick pack," but only for one week. Plaintiff claimed that it took his body over thirty days to withdraw. He also claimed that he was vomiting for a week and that despite his complaints, staff did nothing to help him. Plaintiff also claimed that going "cold turkey" caused his heart to stop.

In dismissing plaintiff's complaint with leave to amend pursuant to § 1915A, the court informed plaintiff that he could not proceed in this action against unidentified "medical staff." The court explained that unknown persons cannot be served with process until they are identified by their real names and that the court would not investigate for him the names and identities of unnamed defendants. The court further informed plaintiff that if he intends to assert claims against particular individuals who allegedly provided inadequate medical care, he must specifically identify them as such in the caption of the complaint. *See* Fed. R. Civ. P. 10(a).

The court dismissed the original complaint because, as drafted, the allegations were too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

### III.    Screening Order

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed for same reasons as the original complaint. In the amended complaint, plaintiff has identified defendants in the caption of his complaint: Gary Stanton; Solano County; Dr. Firman, Dr. Garcia; J. Lewis; M Perry; D. Robbins, S. Marquez; D. Gonzales; V. Jones; A. Jim; T. Fernandez; D. Lamsen. In the body of the complaint, however, plaintiff refers only to a "nurse" and a "doctor." As plaintiff is aware, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). The court will grant plaintiff a final opportunity to amend his complaint, but reminds plaintiff that he must specifically allege which of the named defendants was responsible for violating his rights. Merely listing the defendants in the caption of the complaint is not sufficient. In the body of his complaint,

/////

plaintiff must also link the act or omission of each defendant to a violation of his constitutional rights.

In addition, the court reminds plaintiff of the requirements for stating a section 1983 claim for a constitutional violation based on inadequate medical care. Plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of a constitutional violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. Local Rule 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to state a claim upon which relief may be granted.

Dated: August 15, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE