UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN WALKER, | No. 2:12-cv-2574-EFB P |
| Plaintiff, | |
| v. | SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND |
| SOLANO COUNTY SHERIFF MEDICAL STAFF, | |
| Defendant. | |

Plaintiff is a county inmate proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.[1] After two dismissals pursuant to 28 U.S.C. § 1915A, he has filed a second amended complaint.

As plaintiff is aware, federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

---

[1] This proceeding was referred by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In the original complaint, plaintiff named the "Solano County Sheriff - Gary R. Stanton - Medical Staff" as the defendant. He alleged that when he was booked into the jail, he informed a deputy that he was addicted to heroin. The nurse allegedly provided plaintiff with a "kick pack," but only for one week. Plaintiff claimed that it took his body over thirty days to withdraw. He also claimed that he was vomiting for a week and that despite his complaints, staff did nothing to help him. Plaintiff also claimed that going "cold turkey" caused his heart to stop.

In dismissing the complaint with leave to amend pursuant to § 1915A, the court informed plaintiff that he could not proceed in this action against unidentified "medical staff." The court explained that unknown persons cannot be served with process until they are identified by their real names and that the court would not investigate for him the names and identities of unnamed defendants. The court further informed plaintiff that if he intended to assert claims against particular individuals who allegedly provided inadequate medical care, he must specifically identify them as such in the caption of the complaint. *See* Fed. R. Civ. P. 10(a).

In the first amended complaint, plaintiff identified specific defendants in the caption of his complaint. In the body of the complaint, however, he referred only to a "nurse" and a "doctor" and again failed to link any specific defendant to a violation of his rights. In dismissing the first amended complaint, the court reminded plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish his personal involvement in the constitutional deprivation or a causal connection between the his wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). The court granted plaintiff a final opportunity to amend, but reminded him that he must specifically allege which of the named defendants was responsible for violating his rights and that merely listing the defendants in the caption of the

1  complaint would not be sufficient.  That is, the court instructed plaintiff that he must link the act
2  or omission of each defendant to a violation of his constitutional rights.

3  Plaintiff has now filed a second amended complaint.  *See* ECF No. 11.  Once again,
4  plaintiff lists individual defendants in the caption of the complaint but fails to link the act or
5  omission of each defendant to a violation of his constitutional rights.  Instead, plaintiff refers
6  throughout the complaint to various "Doe" defendants.  Plaintiff's inclusion of "Doe" defendants
7  does not address the deficiencies identified by the court in its previous screening orders.
8  Unknown persons, whether referred to as "medical staff," "nurse," "doctor," or "Doe," cannot be
9  served with process until they are identified by their real names.  In addition, plaintiff's failure to
10 specifically identify which of his allegations applies to which defendant violates Rule 8 in that it
11 fails to give defendants fair notice of the claim against them and the grounds upon which it rests
12 Accordingly, the second amended complaint must be dismissed.

13 Despite notice and two opportunities to amend, plaintiff has failed to cure the defects in
14 his complaint.  It therefore appears that granting plaintiff further leave to amend would be futile.
15 *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090,
16 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it
17 is absolutely clear that the deficiencies of the complaint could not be cured by amendment."
18 (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
19 district court should grant leave to amend even if no request to amend the pleading was made,
20 unless it determines that the pleading could not be cured by the allegation of other facts.").

21 Accordingly, IT IS ORDERED that this action is dismissed without further leave to
22 amend pursuant to 28 U.S.C. § 1915A and the Clerk of the Court shall close the case.
23 Dated: November 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE